**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

MICHAEL G. ALBRECHT,          )
                              )
            Petitioner,       )
                              )
v.                            )    No. 1:09-cv-470-SEB-DML
                              )
KEITH BUTTS,                  )
                              )
            Respondent.[1]    )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Michael Albrecht seeks habeas corpus relief with respect to his 2000 conviction in an Indiana state court for the murder of his wife, Cynthia. Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Michael Albrecht, the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A. Applicable Law**

Albrecht seeks relief pursuant to 28 U.S.C. ' 2254(a). In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

---
[1]The petitioner=s current custodian, named in his official capacity only, is **substituted** as the respondent.

> When a habeas petitioner's claim was "adjudicated on the merits in State court proceedings," section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal court may grant a writ of habeas corpus only if: (1) the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

*Cheeks v. Gaetz,* 571 F.3d 680, 684 (7th Cir. 2009). "Clearly established federal law" means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003).

In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."

- As relevant here, a state court's decision is "contrary to" federal law if it is "substantially different" from or "opposite to" relevant Supreme Court precedent. *Williams v. Taylor,* 529 U.S. 362, 405 (2000); *Sutherland v. Gaetz,* 581 F.3d 614, 616 (7th Cir. 2009).

- Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams,* 529 U.S. at 407; *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "A decision is not objectively unreasonable unless it falls well outside the boundaries of permissible differences of opinion." *Leiser v. Thurmer*, 367 Fed. Appx. 691, 695 (7th Cir. 2010) (internal quotation marks omitted). In particular, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 130 S. Ct. 841, 845 (2010).

"Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010); *see also Leiser,* 367 Fed.Appx. at 698 ("Because the Wisconsin court reviewed the merits of this claim directly, we may review the Wisconsin court's decision rather than conduct our own ineffective-assistance analysis.") (citing *Sturgeon v. Chandler,* 552 F.3d 604, 611-12 (7th Cir. 2009)).

In summary: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

With respect to ' 2254(d)(2), state-court determinations of factual issues are "presumed correct" unless the petitioner can rebut the presumption "by clear and convincing evidence." 28 U.S.C. ' 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996).

In addition to the substantive standards noted above, A[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default.@ *Dretke v. Haley,* 541 U.S. 386, 388 (2004). A petitioner's habeas claims are procedurally defaulted unless the petitioner "first submit[s] his claims through one full round of state-court review." *Johnson v. Hulett,* 574 F.3d 428, 431 (7th Cir. 2009). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). If a claim has been presented to state courts, but those courts reject it on the basis that it has not been raised in compliance with a state procedural rule, it too has been procedurally defaulted. *See, e.g., Murray v. Carrier,* 477 U.S. 478 (1986).

A federal habeas court is barred from considering procedurally defaulted claims unless the petitioner Acan establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.@ *Johnson v. Hulett,* 574 F.3d 428, 430 (7th Cir. 2009) (internal quotation marks omitted). ACause@ for a procedural default exists if the petitioner can demonstrate that Asome objective factor external to the defense impeded counsel=s efforts to comply with the State=s procedural rule.@ *Murray*, 477 U.S. at 488. Prejudice is demonstrated by showing that the errors worked to the petitioner=s Aactual and substantial disadvantage.@ *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, a fundamental miscarriage of justice means actual innocence. *See Murray,* 477 U.S. at 495-96. A>[A]ctual innocence= means factual innocence, not mere legal insufficiency.@ *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 538 (2006). For purposes of the actual-innocence exception, evidence is Anew@ only if it Awas not available at trial and could not have been discovered earlier through the exercise of due diligence.@ *Osborne v. Purkett,* 411 F.3d 911, 920 (8th Cir. 2005), *cert. denied,* 126 S. Ct. 1569 (2006).

**B. Background**

Albrecht's conviction was affirmed on direct appeal in *Albrecht v. State,* 737 N.E.2d 719 (Ind. 2000)(*Albrecht I*). The trial court's denial of Albrecht's petition for post-conviction relief was affirmed in *Albrecht v. State,* 900 N.E.2d 826 (Ind.Ct.App. Jan. 14, 2009) (Table) (*Albrecht II*).

The pleadings and the expanded record establish the following:

1. The circumstances surrounding Cynthia Albrecht's death and the prosecution of Michael Albrecht for her death were summarized by the Indiana Supreme Court in deciding Albrecht's direct appeal:

> Cynthia and Michael Albrecht worked for different owners participating in the Championship Auto Racing Teams (CART) series. During the 1992 CART season the Albrechts began experiencing marital difficulties. As a result, Cynthia moved out of the marital home and thereafter filed for divorce. On October 26, 1992, one day before the divorce was scheduled to become final, Cynthia returned home from the final CART race of the season. She had made plans to meet a male friend in Florida later that week. However, after making a telephone call at approximately 9:30 p.m., Cynthia disappeared. Her naked and decapitated body was discovered several weeks later in a field in Northern Indiana.
>
> On June 4, 1997, after a five-year criminal investigation, the State charged Albrecht with Cynthia's murder. One of the State's key witnesses at trial was William Filter, a long-time friend of Michael Albrecht. He had initially provided Albrecht with an alibi for the evening Cynthia disappeared. However, Filter later changed his story and told police that Albrecht had planned to murder Cynthia after their marriage soured. The plan included decapitating Cynthia to make identification of her body difficult. A jury convicted Albrecht of murder, and the trial court sentenced him to sixty years in prison.

*Albrecht I,* 737 N.E.2d at 723.

2. In his direct appeal, Albrecht raised the following claims for relief: (1) insufficient evidence because witness Filter was not credible; (2) the State failed to disclose a FBI agent's original notes in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the court's instructions were confusing and misleading; (4) the trial court improperly excluded evidence to support Albrecht's defense theory; (5) the trial court improperly admitted Albrecht's statements to police; and (6) the jury was unfair and not impartial. In his action for post-conviction relief, Albrecht raised the following claims for relief: (1) an FBI agent witness who testified at trial was not credible; (2) evidence regarding the FBI agent's credibility was newly discovered evidence; and (3) the trial used improper

aggravating factors not found by a jury in sentencing Albrecht and that his sentence was inappropriate under Indiana law.

      3.      The filing of the present action followed. Albrecht=s habeas claims are:

      a.      The evidence was insufficient to support his conviction because the State=s key witness, FBI Agent Craft, was not credible.

      b.      The destruction of FBI agent Daniel Craft=s notes deprived him of a fair trial.

      c.      There was error in the jury instructions which were given.

      d.      The trial court improperly excluded evidence regarding a possible second suspect, Matt Kernel.

      e.      The trial court improperly admitted Albrecht=s statements to police.

      f.      He was denied a fair trial because two jurors were discovered by the parties after trial to be brother and sister.

      g.      There is newly discovered evidence warranting relief.

      h.      His sentence violates the Sixth Amendment and the trial court failed to properly balance sentencing factors and explain its sentencing order.

### C. Discussion

*Sufficiency of the Evidence.* Albrecht argues that the evidence was insufficient to support his conviction because the State=s key witness, FBI Agent Craft, was not credible.

States are free, within broad limits, to define the elements of a crime. *Eaglin v. Welborn,* 57 F.3d 496, 500 (7th Cir. 1995) (*en banc*). Once a State has done so, however, Athe Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.@ *In re Winship*, 397 U.S. 358, 364 (1970).

A federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is Awhether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.@ *Jackson,* 443 U.S. at 319; *Brumley v. Detella*, 83 F.3d 856, 862 (7th Cir. 1996). A petitioner is only Aentitled to habeas corpus

relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.@ *Cabrera v. Hinsley,* 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson,* 443 U.S. at 324). Under the AEDPA, federal review of a challenge to the sufficiency of the evidence "turns on whether the state court provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997).

Albrecht's challenge to the sufficiency of the evidence is fundamentally at odds with the test prescribed by *Jackson* because his argument is premised on an assumption antagonistic to the rule in *Jackson.* The Supreme Court has noted that the federal habeas statute "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983); *see also Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993). Thus, "[a]ssessment of the credibility of the witnesses is beyond the scope of federal habeas corpus review of a claim of insufficient evidence." *Bowen v. Haney,* 622 F.Supp.2d 516, 546 (W.D.Ky. 2008) (citing *Matthews v. Abramajtys,* 319 F.3d 780, 788–89 (6th Cir. 2003) (internal citation omitted).

Albrecht is thus not entitled to habeas corpus relief based on his challenge to the sufficiency of the evidence and/or his challenge to the credibility of FBI Agent Craft.

*Destruction of FBI Agent Craft's Notes.* Albrecht claims that the destruction of FBI agent Craft=s notes deprived him of a fair trial. The evidentiary setting of this claim was reviewed in Albrecht's direct appeal:

> The FBI assisted Speedway police in investigating Cynthia's death. Working out of Milwaukee, Wisconsin, agent Daniel Craft interviewed several friends and relative of Albrecht. In this appeal, Albrecht's claim focuses on the notes taken during Craft's two interviews of Albrecht's wife of a previous marriage. During the interviews, Craft made handwritten notes and thereafter reduced the notes to a summary report. In response to Albrecht's discovery request for notes, notations or any memoranda of oral statements, the State provided the summary reports. However, the State did not provide Albrecht with the handwritten interview notes. The record shows that Craft placed the notes in the FBI's Milwaukee case file, which was supposed to be forwarded to the Indianapolis office. Apparently, the FBI failed to forward the notes to Indianapolis, and in 1995, three years after the interviews took place, the notes were destroyed according to normal FBI procedure. At trial the State called Craft as a rebuttal witness. During his testimony, Craft referred to a portion of his interview with Albrecht's former wife that was not mentioned in his summary report. Specifically, Craft testified that Albrecht's former wife, Kathleen, told him that she was a light sleeper and would do anything to get Albrecht back.

*Albrecht I,* 737 N.E.2d at 723-24.

The Indiana Supreme Court characterized the destruction of the interview notes as described above as negligent. *Id.,* at 725 n.2 ("The notes in this case were negligently destroyed well before trial and testimony as to their existence and content was presented during trial."). The Indiana Supreme Court then recognized and applied the standard announced in *Arizona v. Youngblood,* 488 U.S. 51, 56-58 (1988), and in doing so reasonably concluded that "Albrecht has made no showing of bad faith." *Albrecht I,* 737 N.E.2d at 725. *See United States v. Stallworth*, 656 F.3d 721, 731 (7th Cir. 2011)("For a *Youngblood* claim, the defendant must show: (1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before the evidence was destroyed; and (3) that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.")(internal citations and quotations omitted). Albrecht is therefore not entitled to habeas corpus relief based on this claim.

*Jury Instructions.* Albrecht seeks habeas relief based on his claim that it was error for the trial court to give two instructions on reasonable doubt. That is, the court gave its own instruction and gave Albrecht's tendered instruction.[2] Albrecht argued in his direct appeal that these instructions tended to confuse the jury as to the State's burden of proof.

---

[2] The court's Instruction Number 13 read as follows:

> The State has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the state's proof must be more powerful than that. It must be beyond a reasonable doubt.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you should find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you should give him the benefit of the doubt and find him not guilty.

The court likewise gave Albrecht's tendered instruction as Instruction Number 14:

> A reasonable doubt is a fair, actual and logical doubt that arises in your mind after an impartial consideration of all the evidence and circumstances in the case. It should be a doubt based upon reason and common sense and not a doubt based upon imagination or speculation. To prove the defendant's guilt of the elements of the crime charged beyond a reasonable doubt, the evidence must be such that it should convince you of the truth of it, to such a degree of certainty that you would feel safe to act upon such conviction, without hesitation, in a matter of the highest concern and importance to you.

The respondent argues that Albrecht's challenge in his direct appeal presented solely a question of Indiana law. If so, the claim is not cognizable here. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (some internal citations and quotations omitted); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993). Albrecht does not contend otherwise.

Even if there was a federal basis for this claim and even if it had been presented to the Indiana courts, moreover, Albrecht would not be entitled to relief. On the merits, the Indiana Supreme Court rejected this argument, explaining:

> The test for determining the constitutionality of a reasonable doubt instruction is whether "there is a reasonable likelihood" that the jury applied the instructions to convict based upon constitutionally insufficient proof of guilt.

*Albrecht I,* 737 N.E.2d at 731 (citing *Victor v. Nebraska,* 511 U.S. 1, 6 (1994), and *Winegeart v. State,* 665 N.E.2d 893, 897-98 (Ind. 1996)).

Through the above, the Indiana Supreme Court recognized the proper standard. And through the following, the Indiana Supreme Court reasonably applied the proper standard: "Simply because the language of the instructions differs, it does not necessarily follow that the definitions are inconsistent or conflicting. . . . Viewing the court's instructions as a whole, we conclude that there is not a reasonable likelihood that the jurors applied the instructions to convict Albrecht based upon constitutionally insufficient proof of guilt. The trial court did not abuse its discretion in instructing the jury on reasonable doubt." *Albrecht I,* 737 N.E.2d at 731.

*Exclusion of Evidence.* Albrecht attempted to offer evidence concerning Matthew Kernal as an informant for the Speedway Police Department. The trial court held a hearing at which Kernal was questioned. The trial court did not permit this evidence to be introduced. In *Albrecht I,* the Indiana Supreme Court affirmed this ruling, observing that "Albrecht failed to show the relevance of his proffered evidence regarding Kernal." *Albrecht* I, 737 N.E.2d at 726.

In most cases, state evidentiary rulings are not subject to collateral review. See *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v.*

*McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's ruling in this case was not of this nature, and hence this claim does not support the award of federal habeas relief.

*Admission of Albrecht's statements to police.* Albrecht argues that his statements to police were improperly admitted. This claim hinges on whether he was in custody and whether he asserted a right to counsel when he made the statements to the police.

The Supreme Court has recognized that custodial interrogations are inherently coercive. *Miranda v. Arizona,* 384 U.S. 436, 467 (1966). To combat this and to protect the Fifth Amendment privilege against self-incrimination, *Miranda* set forth procedures through which police officers should apprise defendants of their rights. The *Miranda* warnings ensure that a suspect knows of his rights not to talk to the police, to have a lawyer present, and to discontinue talking at any time, as well as ensuring that the suspect is apprised that his statements can be used to secure his conviction. *Moran v. Burbine,* 475 U.S. 412, 420 (1986).

Police officers are not required to administer *Miranda* warnings to every person they question nor are they required to administer *Miranda* warnings simply because the questioned person is one the police suspect of wrongdoing. *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). Instead, *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Id.* A reviewing court determines whether or not a defendant is in custody by considering "the objective circumstances of the interrogation" rather than "the subjective views harbored by either the interrogating officers or the person being questioned." *Id.* (quoting *Stansbury v. California,* 511 U.S. 318, 323 (1994)). Instead of focusing on where the questioning occurred, or if the individual is a suspect, the determination must be concerned with "how a reasonable man in the suspect's position would have understood his situation." *Id.* (quoting *Berkemer v. McCarty,* 468 U.S. 420, 442 (1984)).

Albrecht had two separate interviews with the police. The Indiana Supreme Court addressed Albrecht's claim as to his first interview and determined that Albrecht was not in custody:

> The record shows the first interview was held only two days after Cynthia was reported missing. In response to a request by investigating officer William Jones, Albrecht went to the Speedway police station to speak with the officer. At that point, police were investigating a report of a missing person and sought background information concerning Cynthia in the hope of determining her whereabouts. Officer Jones testified at a motion to

suppress hearing that he specifically advised Albrecht that he was not under arrest and was free to leave at any time. Albrecht counters that Officer Jones believed that he was a suspect in Cynthia's disappearance but did not so advise him. This fact is not dispositive. The question is whether a reasonable person in Albrecht's situation would believe himself to be under arrest or not free to resist the entreaties of Officer Jones. Under the facts presented here we conclude no reasonable person could reach such a conclusion. The trial court properly admitted the statement into evidence.

*Albrecht I*, 737 N.E.2d at 727.

Here, the Indiana Supreme Court reviewed Albrecht's claim, and determined that Albrecht was not in custody, he was free to exit the first interview at any time and that no reasonable person in Albrecht's shoes would believe otherwise. The Indiana Supreme Court's determination in *Albrecht I* that the trial court had properly admitted the statement into evidence was not an unreasonable application of or contrary to clearly established federal law.

The Indiana Supreme Court also addressed Albrecht's second claim as to whether his attorney should have been present during the second interview:

The second interview took place in November 1992 while Albrecht was in Fort Lauderdale, Florida, visiting a relative. Officer Jones flew to Florida and accompanied Albrecht to a Fort Lauderdale police station. At the motion to suppress hearing, Officer Jones testified that although he again advised Albrecht that he was not under arrest and was free to leave, he nonetheless read Albrecht his *Miranda* rights before questioning began. The record does not reveal that Albrecht was presented with or signed a waiver of rights. However, Albrecht did give an audio-taped statement and according to Officer Jones, Albrecht never indicated that he did not wish to speak with the officer.

In this appeal, Albrecht acknowledges that he was advised of his *Miranda* rights. He complains however that Jones knew [Albrecht] had an attorney as early as the 27th or 28th of October. Jones at no point contacted [Albrecht's] attorney to tell him [Albrecht] would be interviewed. Brief of Appellant at 40. We first note that this assertion is not only misleading, but also misplaced. The record shows that at the time of the interview Albrecht was represented by counsel in a divorce proceeding and apparently Officer Jones was aware of that fact. Albrecht does not explain why the officer would contact Albrecht's lawyer concerning a criminal matter. More importantly, as part of the *Miranda* warnings, Officer Jones advised Albrecht that he had a right to counsel and the right to remain silent. Albrecht stated that he understood his rights and proceeded to answer Officer Jones's

questions. The record shows that Albrecht never asserted his right to counsel which requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.

*Albrecht I*, 737 N.E.2d at 727-28.

Once again, the Indiana Supreme Court reviewed Albrecht's claim, concluding that the trial court had properly determined that Albrecht had not requested the assistance of an attorney. As the foregoing discussion shows, the Indiana Supreme Court "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Supreme Court unreasonably applied the constitutional standard to the facts of the case, Albrecht's claim that there was error in the rejection of this claim does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111 (7th Cir. 2003).

*Brother and Sister Serve on the Jury.* Albrecht claims that he was denied a fair trial because two jurors were brother and sister. This was not known to the trial court or to the parties until after the trial, but arguably could have been inferred from the juror questionnaires available to the parties at the time of jury selection.

The Sixth and Fourteenth Amendments guarantee a defendant the right to an impartial jury. *Smith v. Phillips,* 455 U.S. 209 (1982); *Irwin v. Dowd,* 366 U.S. 717, 723-28 (1961). The Indiana Supreme Court recognized as much in *Albrecht I,* 737 N.E.2d at 729 ("Albrecht was certainly entitled to a fair and impartial jury, and proof that a juror was biased against the defendant or lied on voir dire may entitle the defendant to a new trial.") (citing *Lopez v. State,* 527 N.E.2d 1119, 1130 (Ind. 1988)).

The Indiana Supreme Court proceeded to consider the circumstances presented by the discovery of the brother-sister relationship between the two jurors in Albrecht's case:

> Albrecht wholly fails to demonstrate that the jurors' relationship prejudiced his right to a fair trial. At the hearing on Albrecht's motion to correct error, both jurors testified that they did not discuss the case while the trial was taking place, and Albrecht has cited nothing to show that these jurors were anything but fair and impartial. A defendant is entitled to a new trial only upon a showing of bias or serious misconduct upon the part of the juror which resulted in harm to the defendant.

*Albrecht I,* 737 N.E.2d at 730 (citations omitted).

The foregoing was not contrary to any Supreme Court precedent. Additionally, the foregoing was not an unreasonable application of any Supreme Court precedent. *Smith*, 455 U.S. at 217 (explaining that due process does not require a new trial "every time a juror has been placed in a potentially compromising situation. Were that the rule, few trials would be constitutionally acceptable"; instead, due process consists of a jury able to decide the case based solely on the evidence before it and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen"). Accordingly, Albrecht is not entitled to habeas corpus relief based on his claim of a brother and sister serving on the jury.

*Newly Discovered Evidence.* Albrecht claims that FBI agent Craft gave false testimony of which the State was aware and that information Albrecht discovered after trial regarding Craft committing misconduct, acts of dishonesty and lying could be used to impeach him. The Indiana Supreme Court found that claim meritless, but that is beside the point here because "[a]s a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief." *Moore v. Casperson,* 345 F.3d 474, 491 (7th Cir. 2003) (quoting *Coogan v. McCaughtry,* 958 F.2d 793, 801 (7th Cir. 1992)). Although it has been observed that this rule Aremains a contentious subject,@ *Hernandez v. Sheahan,* 455 F.3d 772, 778 (7th Cir. 2006), Albrecht's claim here lacks the substance which would push the envelope. *Albrecht I*, 737 N.E.2d at 724 ("The notes at issue here do not meet the standard of constitutional materiality as Albrecht has not shown that the handwritten interview notes played a significant role in his defense. More specifically he has not demonstrated that the notes possessed an exculpatory value. . . . At most, the notes may have been potentially helpful to Albrecht's case as additional evidence."); *Albrecht II,* 2009 WL 81350, *3 ("Waiver notwithstanding, Albrecht has failed to present any direct evidence proving that Special Agent Craft committed perjury during his jury trial or that the State knew Special Agent Craft's testimony to be false. Albrecht has only pointed out inconsistencies in Special Agent Craft's testimony.").

Albrecht is not entitled to relief on this claim.

*Sentencing.* Albrecht claims that his sentence violates the Sixth Amendment and that the trial court failed to properly balance sentencing factors and explain its sentencing order. No claim of sentencing error was asserted in Albrecht's direct appeal. When it did arrive in Albrecht's action for post-conviction relief, the Indiana Court of Appeals held that Albrecht's "failure to contest his sentence at all on direct appeal does forfeit his [post-conviction relief] claim . . . . Therefore, he has failed to preserve the constitutional issue for [post-conviction relief] and our subsequent review." *Albrecht II,* 2009 WL 81350, *5 (citation omitted). This finding of forfeiture rested on established Indiana law holding that issues not presented on direct appeal and relief would be barred by procedural default. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992). The finding of forfeiture in *Albrecht II* is a determination that Albrecht had committed procedural default. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court

reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

Albrecht could overcome the consequences of his procedural default by demonstrating "either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Albrecht has attempted to travel this latter path, arguing that it would be a miscarriage of justice for the court to not reach the merits of this claim.

The particular meaning of this term has been discussed in an earlier portion of this Entry. Albrecht's polemic on this point is unpersuasive. The Indiana Supreme Court's review of the sufficiency of the evidence also establishes that this means of overcoming the hurdle of procedural default or of supporting any related argument Albrecht makes is meritless. After noting that Filter's story had changed, that he was testifying under a grant of use immunity, that he was facing prosecution, and that "Filter told the jury that Albrecht confessed to following through with his plan to kill Cynthia," the Indiana Supreme Court explained that it was unable to find the jury's credibility assessment in this case was, as a matter of law, improper. *Albrecht I*, 737 N.E.2d at 733. The Indiana Supreme Court explained this conclusion by considering other aspects of Filter's testimony, and noted that "the jury need not have relied solely on Filter's statement to convict Albrecht." *Id.* "Although this evidence standing alone may not have been adequate to convict Albrecht, when considered together and with Filter's testimony, the evidence was more than sufficient for the jury to conclude beyond a reasonable doubt that Albrecht murdered his wife Cynthia." *Id.*

Even if the court concluded otherwise with respect to the existence or effect of Albrecht's procedural default, moreover, he could not prevail as to this claim. The issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception.

### D. Conclusion

Albrecht=s conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.").[3] As the foregoing

---

[3] Obviously, this is not a presumption related to the AEDPA, but is Athe >presumption of regularity= that attaches to final judgments, even when the question is waiver of constitutional rights.@ *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).

discussion demonstrates, this court=s view is that he received all that the Constitution requires.

> For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant=s theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.

*Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000).

This court has carefully reviewed the record in light of Albrecht=s claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). Albrecht's habeas petition does not present such a situation. Additionally, Albrecht's request for an evidentiary hearing is **denied**, because such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. His request for counsel in his briefs is likewise dismissed.

Albrecht=s petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Albrecht has failed to show (1) that reasonable jurists would find this court's Aassessment of the constitutional claims debatable or wrong,@ or (2) that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/27/2012

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana